UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

DONGXIA HUANG,

Plaintiff,

v.

UR M. JADDOU, Director of USCIS, *et al.*,[1]

Defendants.

-------------------------------------------------------------------x

***SUA SPONTE* AMENDED REPORT AND RECOMMENDATION**

24-CV-3901
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Dongxia Huang brings this action seeking an order, pursuant to the Mandamus Act, 28 U.S.C. § 1361 directing United States Citizenship and Immigration Services ("USCIS") to act on her pending I-589 Application for Asylum and for Withholding of Removal ("I-589 Application") "by scheduling an interview with a USCIS agent at the earliest opportunity and convenience." Dkt. No. 1.

On June 18, 2024, USCIS provided Plaintiff with the relief she seeks in the Complaint, to wit: USCIS issued an interview notice in connection with Plaintiff's I-589 Application, scheduling Plaintiff for an interview on July 7, 2025. *See* Dkt. No. 7 at 5. On August 6, 2024, this Court issued an order directing Plaintiff to show cause as to how Plaintiff intends to continue this action in light of the issuance of USCIS's interview notice. *See* Dkt. No. 8. Plaintiff has failed to respond to the Court's Order.

---

[1] *Pro se* Plaintiff identifies the lead defendant in the caption as "Ur. M. Jdddo [*sic*], Director of USCIS." Consistent with Fed. R. Civ. P. 25(d), Ur M. Jaddou is substituted as the lead defendant in this action. *See* https://www.uscis.gov/about-us/organization/leadership/ur-m-jaddou-director-us-citizenship-and-immigration-services (last accessed Sept. 20, 2024).

This Court now respectfully recommends, *sua sponte*, to the Honorable Diane Gujarati, United States District Judge, that this action be dismissed on mootness grounds.[2]

**I. <u>Background</u>**

On May 31, 2024, *pro se* Plaintiff filed the Complaint in this action. *See* Dkt. No. 1. Plaintiff alleges that she filed her I-589 Application with USCIS on October 1, 2019. *See* Dkt. No. 1 at 4, 6. Plaintiff claims that, at the time of the filing of the complaint, she has "not received any further information or any interview notice." *Id.* at 4. In her request for relief in the Complaint, Plaintiff "respectfully implore[s] the Court to enter an order to the Defendants to act on [her] pending I-589 Application for Asylum by scheduling an interview with a USCIS agent at the earliest opportunity and convenience." *Id.* at 4. Plaintiff also noted in the Complaint that she "understand[s] that [her] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [her] case." *Id.* at 5.

On August 6, 2024, the Government informed the Court that, "[o]n June 18 , 2024, USCIS provided Plaintiff with the relief she seeks in the Complaint: USCIS issued an interview notice in connection with the I-589 [Application], scheduling Plaintiff for an interview on July 7, 2025." *Id.* The Government attaches USCIS's interview notice to its letter-motion. *See* Dkt. No. 7 at 5.[3]

---

[2] This Amended Report and Recommendation *sua sponte* amends and supersedes the prior Report and Recommendation entered on August 23, 2024 (Dkt. No. 10). The Amended Report and Recommendation corrects a typographical error on page 5 of the prior Report and Recommendation. "Such an amendment is permitted pursuant to Federal Rule of Civil Procedure 60(a), which allows the Court to, by motion or on its own, 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'" *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19-CV-3363 (ALC) (VF), 2022 WL 18276016, at *1 (S.D.N.Y. Sept. 16, 2022), *report and recommendation adopted*, 2023 WL 171401 (S.D.N.Y. Jan. 12, 2023) (citing Fed. R. Civ P. 60(a)); *see also China AI Cap. Ltd. v. DLA Piper LLP (US)*, No. 21-CV-10911 (VM) (VF), 2023 WL 5016492, at *1 (S.D.N.Y. July 28, 2023), *report and recommendation adopted*, 2024 WL 964596 (S.D.N.Y. Mar. 6, 2024) (same).

[3] In the Government's letter-motion, the Government explains that "USCIS's Asylum Division processes tens of thousands of affirmative I-589s annually" and describes the bases for the current scheduling backlog. *See* Dkt. No. 7 at 2.

In the Government's same letter-motion, the Government recounts its extensive efforts—via mail, e-mail, and phone—to request that Plaintiff stipulate to a dismissal without prejudice in light of USCIS's interview notice. *See* Dkt. No. 7 at 1-2; 10-19. Despite these efforts, the Government has received no response from Plaintiff regarding the proposed stipulation.

On August 6, 2024, the Court issued an order directing Plaintiff to show cause on or before August 20, 2024 as to how Plaintiff intends to continue this action in light of the issuance of USCIS's interview notice. *See* Dkt. No. 8. The Court further ordered the Government to file a status report on or before August 23, 2024 indicating whether it has had any further contact with Plaintiff. *Id.* The Clerk of the Court mailed a copy of the Court's August 6, 2024 Order to Show Cause to Plaintiff.

On August 21, 2024, the Government informed the Court that it had "not had any contact with Plaintiff [] since [the Government] made several unsuccessful attempts to reach Plaintiff in advance of filing" its August 6, 2024 letter. Dkt. No. 9.

## II. <u>Discussion</u>

"When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)).

"The Court's ability to entertain this action hinges on whether the agency's issuance of an interview notice renders it moot." *Long v. Garland*, No. 22-CV-6652 (EK), 2023 WL 6930674, at *2 (E.D.N.Y. Oct. 19, 2023). Mootness is "based upon the case or controversy requirement of Article III of the Constitution." *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 n. 2. "Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack

subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (cleaned up).

In the immigration context, an "agency's refusal to act" on an application for adjustment of status is a "prerequisite for the existence of a case or controversy." *Meixian Ye v. Kelly*, 17-CV-3010 (BMC), 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017). Courts in this district have routinely "found that the issuance of an interview notice renders a suit to compel adjudication of an immigration application moot." *Long*, 2023 WL 6930674, at *1; *see, e.g., Shao v. United States Citizenship & Immigr. Servs.*, No. 22-CV-6554 (VEC) (OTW), 2023 WL 3473782, at *1 (S.D.N.Y. Apr. 26, 2023), *report and recommendation adopted*, 2023 WL 3473783 (S.D.N.Y. May 15, 2023) (explaining that the "agency has acted upon Plaintiff's application by issuing a [request for evidence], which moots Plaintiff's request to compel agency action."); *Bian v. USCIS Off. of Gen. Couns.*, No. 22-CV-04332 (HG), 2022 WL 4587742, at *1 (E.D.N.Y. Sept. 29, 2022) (noting that "Courts in this district have found that issuance of an interview notice renders a suit to compel adjudication of an immigration application moot."); *Yusupov v. Mayorkas*, No. 21-CV-4066 (EK), 2021 WL 6105720, at *2 (E.D.N.Y. Dec. 23, 2021) (dismissing an action to adjudicate the plaintiff's I-485 application for adjustment of status because "[b]y issuing Plaintiff the interview notice, the agency has initiated action.").

Here, because USCIS scheduled an interview with respect to Plaintiff's I-589 Application, "this action is moot, and must be dismissed for lack of subject matter jurisdiction." *Liu v. Garland*, No. 23-CV-1132 (PKC), 2024 WL 2941850, at *2 (E.D.N.Y. June 11, 2024); *Long*, 2023 WL

6930674, at *2 (dismissing as moot immigration mandamus action where "the agency has acted on Plaintiff's application by issuing him an interview notice."); *Markandu v. Thompson*, No. 07-CV-4538, 2008 WL 11510675, at *3 (D.N.J. June 11, 2008) (collecting cases for the proposition that an application to compel agency action in the immigration context becomes moot "once the agency begins to spin its bureaucratic cogs toward decision"). By issuing the interview notice, the agency has initiated action and Plaintiff's claim is moot.

Moreover, given that an interview has been scheduled for July 7, 2025 in connection with Plaintiff's I-589 Application,[4] there is currently no role for the Court, and "[j]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is institutionally ill-equipped to do." *Meixian Ye*, 2017 WL 2804932, at *2 (internal citations omitted). As the court explained in *Meixian Ye*,

> There is a practice in this district by which immigration applicants file suit under the APA and for mandamus relief as a way to gain adjudication of their applications more quickly by moving their applications "to the front of the line." [] Here, plaintiff's complaint has achieved that intended purpose. Having done so, she seeks to press her advantage further, holding this lawsuit over defendants' heads like the Sword of Damocles, so that they will be incentivized to act on her application, knowing that if they do not, she can press ahead with this lawsuit.
>
> But the purpose of the APA and the Mandamus Act is not to change the negotiating leverage of parties in administrative proceedings. Plaintiff brought this action for mandamus because defendants were allegedly refusing to act. The refusal to act is the prerequisite for the existence of a case and controversy. Plaintiff, however, has received what she wanted—action—and she acknowledges that is all she can expect at this point. If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay. But now that relief has been retained, this Court is not going to keep the case open based on plaintiff's desire to have a judicial overseer of her administrative process.

[4] While USCIS's interview of Plaintiff is scheduled for July 7, 2025, USCIS notes that, in the interim, Plaintiff continues to be eligible for employment authorization documents by virtue of filing the I-589 Application. *See* Dkt. No. 7 (citing 8 C.F.R. § 208.7(a)(1)).

2017 WL 2804932, at *2. In short, in light of USCIS issuing the interview notice, there is no basis to keep this case open any longer.

Further, by failing to comply with the Court's August 6, 2024 order to show cause (Dkt. No. 8), Plaintiff provides no reason as to why this case should continue where USCIS has scheduled an interview in connection with Plaintiff's I-589 Application.

## III. Conclusion

For the foregoing reasons, this Court respectfully recommends that this action be dismissed on mootness grounds.

The Clerk of Court is directed to mail a copy of this Amended Report and Recommendation to Plaintiff at the address listed on the docket.

Any objections to this Amended Report and Recommendation must be filed within 14 days after service of this Amended Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: Brooklyn, New York
September 20, 2024

**SO ORDERED**.

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge